Milligan, J.,
delivered the opinion of the Court.
This is a motion for a judgment on a note of $745, executed on the 14th day of July, 1857, by James Cook, M. Matlock, and J. J. Cummings, to the complainant, as Clerk & Master of the Chancery Court at Sparta, for a negro girl and child, sold under a decree of the Chancery Court, in the case of James Cook et al. vs. James S. Menifee, in 1857. The .original record, in the case of Cook et al. vs. Menifee, is filed with this record, and constitutes a part of it, in which it appears that the negro girl and her infant child, were sold under a decretal order of the Chancery Court, and the Master’s report of sale regularly confirmed, and the title vested in the purchaser. The note upon which this motion is predicated, was jointly executed by Cook, Matlock, and Cummings. *530 Matlock is dead, and the defendant, Williams, is his executor. It also appears, that on the hearing of the motion before the Chancellor, the defendant, Williams, offered and read as evidence the bill, fiat of the Judge, answers, etc., in the case of E. D. Williams, Executor of Wm. Matlock, dec’d, vs. The Creditors, etc. These proceedings were made part of this record, by bill of exceptions, and show that the estate of Matlock is insolvent, and that the assets exceed one thousand dollars, etc. The bill seeks to wind up the estate in the Chancery Court, and, to that end, prays an injunction, which is regularly granted, staying the further prosecution of all suits against the estate. The injunction, however, is, as it appears, afterwards so modified by the Chancellor, as to allow the complainant in this motion to prosecute it to final judgment. The Chancellor rendered judgment on the note for principal and interest, against the defendants; and an appeal is prosecuted to this Court.
Two questions arise on the record: 1st, Whether the Chancellor had' the power, after staying the prosecution of all suits by injunction against Matlock’s estate, to modify the injunction, pending the insolvent bill, so as to allow the complainant in this motion to prosecute it to final judgment? 2nd, Whether the motion can be maintained against the defendant, Williams, as Executor of Matlock?
The first question may be answered, not only by the general powers of a Court of Chancery over injunctions, but by the plain provisions of the Statute *531 The Code, secs. 2383 and 2384, expressly provides, that the Chancellor, in cases of insolvency, may, at his discretion, stay, by injunction, the prosecution of all suits by law, or he may only enjoin a part, and 'allow others to he prosecuted to final judgment. This wise provision of the Statute, clearly, cannot be limited, as it is insisted by argument, to actions purely at law, or the time when the Chancellor grants his fiat. It is a continuing power, and intended to meet the necessities of the case as they arise. He can as well modify the injunction after it issues, as to limit its operation and effect in his fiat before its issuance, There is no difference in this respect, and no error in the modification of the injunction.
2nd. The second question presents more difficulty. Can this motion he maintained against the executor of Matlock? The law is well settled, that a purchaser at a sale, made by a Master under a decretal order of a Court of Chancery, thereby makes himself a party to the proceedings in the case, for some purposes, though not a party originally, and subjects himself to the summary process of the Court, in the exercise of its inherent jurisdiction to enforce and give effect in its own orders and decrees, to compel him to complete his purchase, by paying the purchase money: Deaderick et al. vs. Smith et al., 6 Hum., 138; Van Bibber vs. Sawyers, 10 Hum., 81.
This jurisdiction continues, and ' will be exercised in all proper cases, so long as the control of the Court over the case and parties, remain. In this case, the final decree of the Court, settles all the equitie *532 of the parties, and directs the Master to collect and distribute the fund to the several parties entitled, under the decree, thereto.
The note upon which the motion is predicated, is a joint and several obligation. Each one of the parties thereto, is jointly aud severally liable; and we know no reason or authority, by which the death of one of the parties to the note, would defeat a Court of Chancery, in the exercise of this essential jurisdiction. It is limited by no Statute, and the executor stands in the shoes of the testator; and although it is true he is not a party to the cause in any sense, so, also, it is equally true, that the testator was no party, except for particular purposes. He was under the power and control of the Court, so far as to enable it, by the exercise of its inherent jurisdiction, summarily to compel him to pay the purchase money. But he was not a party to the cause in such a sense as to make it necessary, on his death, to revive against his personal representative; for there was no suit pending against him. But this motion, as when all the parties to the note are living, cannot be prosecuted against the personal representative, without notice, or the service of scire facias. In this case, there was notice; and although we think scire facias, would have been the more regular mode of proceeding, we are not prepared to say that the notice, full and complete as it is, was not sufficient. In substance, and for practical purposes, it is the same as a scire facias. It informs the party of the nature of the liability, as well as the time, and place, and manner, *533 in which he will seek to enforce it; and under it, the executor could have made all the defenses to which he would have been entitled under a scire facias. Technically, the notice may not be as 'regular as a scire facias; but a court of equity will not suffer mere technicalities to baffle or defeat the ends of justice. It looks at the substance of things, and the rights of the parties involved.
It follows, from this view of the law, that the Court had jurisdiction, and the judgment was properly rendered.
Affirm the decree.